CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED for Danville
AUG 3 1 2009
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| JERRY A. FOSTER, JR., | ) CASE NO. 4:08CV00028 |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| COMMISSIONER OF SSA, | ) |
| Defendant. | ) By: B. Waugh Crigler |
| | ) U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's May 18, 2005 applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this action from the docket of the court.

In a decision issued on October 13, 2006, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since his alleged disability onset date, October 15, 2003, and that he met the insured status requirements under the Act through March 31, 2009. (R. 19.) The Law Judge determined plaintiff had the following severe combination of impairments: Hepatitis C, degenerative disc disease and stenosis of the lumbar

spine. (*Id.*) It was further determined that plaintiff did not have an impairment or combination of impairments that meets or equals a listed impairment. (R. 23.) The Law Judge found that plaintiff retained the residual functional capacity ("RFC") to lift and carry up to twenty-five pounds occasionally and ten pounds frequently, stand and walk two hours, and sit six hours in an eight-hour workday while not performing any work around heights or other hazards. (R. 25.) The Law Judge was of the belief that this RFC precluded plaintiff from performing his past relevant work, but that other jobs exist in substantial numbers in the national economy that he can perform.[1] (R. 28.) Thus, the Law Judge ultimately found plaintiff not disabled under the Act. (R. 29.)

Plaintiff appealed the Law Judge's October 13, 2006 decision to the Appeals Council. (R. 6-8.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 6.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the

---

[1] The vocational expert testified that the following were representative of the jobs available to a person with plaintiff's RFC: assembler, hand packing and filler/machine operator, production sorter/grader/inspector and hand packer. (R. 29.)

2

Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of his motion for summary judgment, plaintiff principally argues that the Law Judge erred in failing to give appropriate weight to the opinion offered by consultative psychologist Blanch Williams, Ph.D. (Pl's Brief, pp. 2-6.) Specifically, plaintiff contends that Dr. Williams' opinion is entitled to "great weight," and essentially should have been considered controlling. (Pl's Brief, p. 6.) The undersigned disagrees and believes the Law Judge accorded Dr. Williams' opinion the weight it was due.

Under the regulations and applicable circuit decisional authority, a Law Judge and the Commissioner must consider the following in evaluating and weighing medical opinions: "'(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'" *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005)).

At the request of plaintiff's counsel, Dr. Williams evaluated plaintiff on September 5, 2006. (R. 356-358.) The psychologist opined that plaintiff suffered from a generalized anxiety disorder, severe; depressive disorder NOS; cognitive disorder NOS; and alcohol dependence, severe and apparently in remission. (R. 358.) The psychologist noted that plaintiff had a long history of suffering from anxiety and noted that he showed numerous, clear indications of anxiety during his evaluation. (*Id.*) Dr. Williams believed that plaintiff's anxiety was present to a significant degree, and that it interfered with his cognitive processing and psychomotor performance. (R. 357.) The psychologist found that plaintiff's global assessment of functioning

3

("GAF")[2] was 46 to 48. (R. 358.) She believes it unlikely that plaintiff could perform anything other than simple, repetitive tasks on a consistent basis. (*Id.*) Finally, Dr. Williams opined that the usual stresses encountered in competitive work would be more than he psychologically could tolerate. (*Id.*)

The Law Judge noted that Dr. Williams saw plaintiff on only one occasion. (R. 23.) Moreover, the only tests Dr. Williams administered were to determine whether plaintiff suffered from organic brain deficits. (*Id.*) The Law Judge also noted that Dr. Williams did not elicit information from plaintiff about his daily symptoms, activities, or impairment-related limitations. (*Id.*) The Law Judge found that Dr. Williams engaged in general observations and did not conduct a mental status evaluation. (*Id.*) Thus, he determined that plaintiff's treating sources, admittedly not mental health sources, were entitled to "greater weight" than the opinions offered by Dr. Williams the one-time examiner. (*Id.*)

The record simply does not provide sufficient support for Dr. Williams' opinion concerning the disabling effects of plaintiff's mental impairments to say the Law Judge's decision giving it little weight was erroneous. The record does reveal that plaintiff has a long history of treatment for depression and anxiety by his primary care physician, and the medications for which he has been prescribed have stabilized their effects. (R. 207-208.) Moreover, plaintiff never has had a hospitalization for his mental impairments, and he was not being followed by a psychiatrist at the time the Law Judge heard the claim. (R. 211.)

Alternatively, plaintiff contends that the Law Judge erred in not finding that his anxiety is

---

[2]The GAF ranks psychological, social, and occupational functioning on a hypothetical continuum of mental illness ranging from zero to 100. Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 32 (Text Revision 4th ed 2000) ( *DSM-IV* ). A GAF of 41-50 indicates "serious" symptoms or difficulties. *Id.*

4

a severe impairment. (Pl's Brief, p. 6.) Again, plaintiff specifically argues that Dr. Williams' opinion compels a finding that his anxiety is a severe impairment. (*Id.*) For the same reasons as set forth above, the undersigned believes there is substantial evidence to warrant the Law Judge's decision not to give controlling weight to this opinion.

A severe impairment is one which, either separately or in combination with another impairment, significantly limits the claimant's physical or mental ability to perform basic work activities[3]. 20 C.F.R. §§ 404.1520(c), 416.920(c). In other words, an impairment is severe if it is more than "a *slight abnormality* which has such a *minimal effect* on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Evans v. Heckler*, 724 F.2d 914, 920 (4th Cir. 1984) (emphasis in original). The burden is on the plaintiff to produce medical evidence establishing both the existence and the severity of any claimed impairments and to establish how those impairments affect his functioning. 20 C.F.R. §§ 404.1512(a), 416.912(a).

The record substantially supports the Law Judge's finding that plaintiff's anxiety is not a severe impairment. Plaintiff was being treated for his anxiety with Xanax, and he responded well to the medication. (R. 207.) *See Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir.1986) (noting a symptom is not disabling if it can be reasonably controlled by medication or treatment).

The evaluation by State Agency record reviewing psychologist, Joseph Leizer, Ph.D., supports the Law Judge's finding. Dr. Leizer opined that plaintiff's only mental impairment was

---

[3]Basic work activities are the abilities and aptitudes necessary to do most jobs, including: physical functions such as sitting and standing; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervisors, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6).

5

a depressive disorder NOS. (R. 282.) He found that plaintiff had no functional limitations in the following areas: restriction of activities of daily living; difficulties in maintaining social functioning; difficulties in maintaining concentration, persistence, or pace; and repeated episodes of decompensation, each of extended duration. (R. 289.) Dr. Leizer noted that plaintiff had no history of hospitalizations for mental conditions and that his activities of daily living showed no limitations. (R. 291.) Finally, he opined that plaintiff should be able to do all levels of work. (*Id.*) The Law Judge's decision to give it greater weight is supported by substantial evidence.

For these reasons, it is RECOMMENDED that an Order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ 
U.S. Magistrate Judge  
8-31-09  
Date